**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Chrzaszcz,<br><br>    Movant/Defendant,<br><br>vs.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | CV 14-67-PHX-JAT<br>CR 09-1381-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Movant's motion to vacate, set aside, or correct sentence. Doc. 1.[1] On December 17, 2014, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Motion be denied. Doc. 13. Movant has filed a "motion to reconsider" which the Court will treat as objections to the R&R. Doc. 15.

In his Motion and in his Objections, Movant makes one primary argument with several underlying factual bases. Specifically, Movant's primary argument is that he received ineffective assistance of counsel because his counsel did not give him enough information to realize he should have taken the plea agreement rather than go to trial. Objections at 7. Additionally, Movant argues that his sentence is disproportionate to that of his co-defendants. *Id.*

---

[1] All Doc. numbers refer to CV 14-67-PHX-JAT unless otherwise noted.

**Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Accordingly, as indicated above, the Court will treat Movant's "motion to reconsider" as objections to the R&R and will review the portions of the R&R that Movant sought to "reconsider" de novo.

**Appointment of Counsel**

In his objections, Movant did not object to the R&R's conclusion that no evidentiary hearing is necessary to decide this case. This Court accepts that recommendation. *See* R&R at 10-11.

In his objections, Movant sought appointment of counsel. Doc. 15 at 11. This Court has discretion to appoint counsel if the Court "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, the Court finds that Movant has competently articulated his claims pro se and, given the record, is unlikely to succeed on the merits. Accordingly, the Court denies the request to appoint counsel.

**Merits of Ineffective Assistance of Counsel Claim**

The R&R recounts the legal standard for an ineffective assistance of counsel claim and Movant did not object to that statement of the law. Accordingly, the Court accepts it. Specifically, the R&R stated:

> Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Movant must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.
> The court hearing an ineffective assistance of counsel claim must consider the totality of the evidence with an eye toward the ultimate issue of whether counsel's conduct so undermined the functioning of the adversarial process that the proceeding lacked fundamental fairness. *Id.* at 686; *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)(observing that counsel cannot be labeled ineffective for failing to raise issues which have no merit); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) (failing to raise meritless argument on appeal does not constitute ineffective assistance of counsel).
> In the unique context of a claim of ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, to establish the requisite prejudice "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012). "Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Id*.

R&R at 11-12.

In his objections, Movant focuses his claim on ineffective assistance of counsel on his allegation that his counsel never told him he could be facing 20 years after trial. Doc. 15 at 4, 6-8, 10. Conversely, Movant's counsel has avowed that he repeatedly advised Movant of the length of time he was facing and strongly and repeatedly encouraged him to take the plea

- 3 -

1  agreement offered by the Government. R&R at 14-15 (summarizing counsel's affidavit).
2  Counsel further avows that Movant had no interest in taking any plea other than one for time
3  served. *Id.* Consistent with counsel's statements in his affidavit, at the end of his Objections
4  to the R&R, Movant requests to be re-sentenced to "time served" — not to the amount of
5  time offered under the plea agreement he rejected. Doc. 15 at 11.

6  Additionally, in his Objections, Movant argues that the plea he was offered was
7  disparate from the sentences his co-Defendants received. Doc. 15 at 5. Also, in his
8  Objections, Movant reiterates that he asked his, "Attorney and the AUSA to be sentenced to
9  time served or to 20-30 months...." Doc. 15 at 5. Movant also states that the plea he was
10 actually offered of 60 to 70 months was disproportional to his co-defendants. *Id*.

11 On this record, given Movant's repeated statements in his Objections that he would
12 only have accepted a plea to time served or to something far less than he was ever offered,
13 the Court cannot find that (as is required to prevail on a claim of ineffective assistance of
14 counsel under *Frye*, 132 S.Ct. at 1409) Movant would have accepted the plea that was
15 actually offered in this case if counsel had been "effective." In so finding, and based on
16 counsel's affidavit, the Court does not find counsel was actually ineffective. However, even
17 assuming he was, both counsel's affidavit and Movant's request for relief in his Motion and
18 Objections all make clear Movant sought and still seeks a plea to time served. It is
19 undisputed on this record that no such plea was ever offered by the Government.
20 Accordingly, the Court finds Movant has not shown ineffective assistance of counsel under
21 the unique circumstances outlined in *Frye*.

22 **Other claims**

23 In his Objections, Movant also raises two sentencing claims: 1) that his sentence was
24 disproportional to what his co-defendant received; and 2) he should have received a
25 downward departure for acceptance of responsibility. Doc. 15 at 5. Following his conviction
26 at trial, Movant appealed to the Ninth Circuit Court of Appeals. Doc. 653 in CR 09-1381.
27 The Court of Appeals affirmed Movant's conviction and sentence. Doc. 795 in CR 09-1381.
28 Movant could have raised these two claims with the Court of Appeals during

Movant's direct appeal and he did not.[2] Therefore, the claims have been procedurally defaulted. A procedurally defaulted claim typically cannot be raised in a § 2255 petition. *Bousley v. United States*, 523 U.S. 614, 621 (1998). To excuse a procedural default, a movant must demonstrate either cause and prejudice, or actual innocence. *U.S. v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

Here, the Court finds Movant has not shown cause and prejudice or actual innocence to overcome this default. Accordingly, this Court will not reach the merits of these claims.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 13) is accepted and adopted, the objections (styled as a motion to reconsider, Doc. 15) are denied and overruled, and the Clerk of the Court shall enter judgment denying the motion to vacate, set aside or correct sentence (Doc. 1) with prejudice.

**IT IS FURTHER ORDERED** that, in the event Movant files an appeal, a certificate of appealability and leave to appeal in forma pauperis is granted on Movant's claim of ineffective assistance of counsel premised on *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

DATED this 8th day of May, 2015.

/s/ James A. Teilborg
James A. Teilborg
Senior United States District Judge

---

[2] *See* Doc. 1 at 2 (explaining that the only claim raised on appeal was insufficient evidence to convict); *see also* Doc. 795 in CR 09-1381.

- 5 -